| | |
|---|---|
| 1 | Steven L. Marchbanks, Esq., Bar No. 214686 |
| 2 | PREMIER LEGAL CENTER, A.P.C.<br>1055 Torrey Pines Rd. Ste. 205 |
| 3 | La Jolla, CA 92107<br>Telephone:  (619) 235-3200 |
| 4 | Facsimile:   (619) 235-3300 |
| 5 | Attorney for Plaintiff:<br>JURGITA JUOZENAITE |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| JURGITA JUOZENAITE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | **CASE NO:**<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff JURGITA JUOZENAITE, an individual, (referred to herein as "Plaintiff") files this Complaint and alleges the following based upon information and belief:

## THE PARTIES

1. Plaintiff is a resident and citizen of the state of Montana.

2. Defendant FCA US, LLC (hereinafter referred to as "FCA" or "Defendant"), formerly known as Chrysler Group, is a Delaware limited liability company with its principal place of business at 1000 Chrysler Drive Auburn Hills, Michigan 48326. FCA is wholly owned by Stellantis N.V., a Dutch corporation headquartered in Amsterdam, Netherlands.

3. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff who will seek leave of this Court to amend this Complaint to include these DOE Defendants when they are identified.

4. At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant. In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other Defendants.

## JURISDICTION IS PROPER UNDER § 1331

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which grants federal district courts original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

6. In this case, Plaintiff asserts claims pursuant to the federal Magnuson-Moss Act (15 U.S.C. § 2301 *et seq*.). For original jurisdiction over a claim under the Magnuson-Moss Act, the amount in controversy must exceed $50,000 (exclusive of interest and costs) "computed on the basis of all claims to be determined" in the suit. See 15 U.S.C. § 2310(d)(3)(B).

7. As explained in paragraph 10 below, the amount in controversy far exceeds $50,000.

8. Defendants are subject to personal jurisdiction in Michigan based upon sufficient minimum contacts which exist between Defendants and Michigan. Defendants are authorized to do and do business in Michigan.

**VENUE IS PROPER UNDER § 1391**

9. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, and conduct giving rise to the claims occurred in and emanated from this District. Further, Defendant is headquartered and transacts business in this District.

**GENERAL ALLEGATIONS**

10. On or around October 12, 2021, Plaintiff purchased a 2021 Jeep Wrangler, Vehicle Identification Number 1C4JJXFM7MW729524, which was manufactured, distributed and/or sold by Defendant for approximately $63,074.00.

(The Plaintiff's vehicle described above shall hereinafter be referred to as the "Subject Vehicle".)

11. At the time of purchase, Defendant provided Plaintiffs with an express warranty concerning the manufacture, operation and performance of the Subject Vehicle, upon which Plaintiff reasonably relied upon when deciding to purchase the Subject Vehicle.

12. Shortly after the purchase, Plaintiff experienced significant and/or excessive nonconformities with the Subject Vehicle which significantly impaired the Subject Vehicle's use, value and/or safety. Such defects/nonconformities include, but are not limited to, major problems with suspension shuddering vibration, random unintended acceleration, transmission defects, starting difficulties, plus other operational problems.

13. Plaintiff delivered the Subject Vehicle to Defendant's authorized repair facilities for repair of the foregoing nonconformities. Despite the repeated repair attempts, Defendant and/or its authorized repair facilities have been unable to repair the Subject Vehicle's nonconformities in accordance with Defendant's express and implied warranties.

14. Moreover, the Subject Vehicle has not been repaired within a reasonable time frame and spent several days in the shop.

15. Despite confirmation of the nonconformities and repeated lengthy repair attempts, Defendant has been unable to correct the nonconformities. These nonconformities substantially impair the use, value and/or safety of the Subject Vehicle. Further, Defendant breached its

express and implied warranties and refuses to comply with its obligations under the Magnusson-Moss Warranty Act.

16. Plaintiff has incurred and continue to incur significant damages as a result of the nonconformities and Defendant's failure to honor the applicable express warranties. Such damages include, but are not limited to, actual, special, consequential damages, direct out of pocket expenses and loss of use of the Subject Vehicle.

**FIRST CAUSE OF ACTION**

**(Breach of Express Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

17. Plaintiff hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

18. Plaintiff is a "consumer(s)" within the meaning of Section 2301(3) of the Magnuson-Moss Warranty Act ("MMWA").

19. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

20. As set forth herein, Defendant expressly warranted the Subject Vehicle within the meaning of Section 2301(6) of the MMWA. Defendant breached its express warranties in the manner described herein.

21. Defendant's breach was a substantial factor and proximate cause in the resulting damages to Plaintiff, which include, but are not limited to: actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**(Breach of Implied Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

22. Plaintiffs hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs as though fully set forth in this cause of action.

23. Plaintiff is a "consumer(s)" within the meaning of Section 2301(3) of the MMWA.

24. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

25. As set forth herein, Defendant impliedly warranted the Subject Vehicle as being

merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA.  Defendant breached the implied warranties in the manner described herein.

26. As set forth herein, Defendant impliedly warranted the Subject Vehicle as being merchantable and fit for a particular purpose, which warranties are implied within the meaning of Section 2301(7) of the MMWA.  Defendant breached the implied warranties in the manner described herein.

27. As a direct and proximate cause of Defendant's breach and failure to comply with their obligations under the applicable implied warranties, Plaintiff suffered actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty in an amount of two times Plaintiff's actual damages;
5. For prejudgment interest at the legal rate;
6. For reasonable attorney's fees and costs of suit; and
7. For such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

28. Plaintiff demands a jury trial on all triable issues.

Dated:   October 15, 2024            PREMIER LEGAL CENTER, A.P.C.

_____
By:  Steven L. Marchbanks, Esq.
*Attorney for Plaintiffs*